[Civ. No. 41587. Second Dist., Div. Five. Aug. 16, 1973.]

TRUCK INSURANCE EXCHANGE, Plaintiff and Appellant, v. INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Early, Maslach, Foran & Williams, Stephen J. Peterson and Robert Butler for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett, Robert W. Rau and Abe Mutchnik for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—Truck Insurance Exchange (hereinafter referred to as "Truck Insurance") appeals from the judgment entered in this action

for declaratory relief to determine the respective legal rights, duties and obligations of appellant and respondent, Interinsurance Exchange of the Automobile Club of Southern California (hereinafter referred to as "Auto Club"), pursuant to certain insurance contracts with respect to an accident which occurred on November 14, 1970.

Ralph Quinn (hereinafter "Quinn") was the owner of a Chevrolet automobile which was a described vehicle insured under a standard automobile liability policy[1] by Auto Club.

In Condition 6 Auto Club's policy provides that: "(a) with respect to any insured, other than the named insured or his agent or employee, the insurance afforded by Part I [Liability] shall not be applicable to an owned automobile while used in the automobile business[2] if there is any other valid and collectible insurance covering such insured as a named insured or as an agent or employee of a named insured under a policy with bodily injury liability limits of not less than $15,000 'each person' and $30,000 'each occurrence' and property damage liability limit of not less than $5,000 'each occurrence,' exclusive of interest and costs; and in the event there is no such other valid and collectible insurance, then under Part I the limits of bodily injury liability shall be $15,000 'each person' and $30,000 'each occurrence' and the limit of property damage liability shall be $5,000 'each occurrence,' exclusive of interest and costs; . . ."

On November 14, 1970, Quinn took the described vehicle to Ralph's Chevron Service Station (hereinafter sometimes referred to as "station"), which was owned by Ralph Parish (hereinafter "Parish"), for "servicing." Parish was insured by appellant, Truck Insurance, under a policy of general liability insurance written for service stations and repair garages. While the vehicle was in the process of being serviced by Lew, an employee

---

[1]Auto Club's insuring clause provided: "To pay for the insured all sums which the insured shall become legally obligated to pay as damages because of: A. bodily injury sustained by any person; B. property damage; arising out of the ownership or use of the owned automobile . . . and to defend any suit seeking such damages, . . ."

The "Persons Insured" provision of Auto Club's policy provided: "PERSONS INSURED: The following are insureds under Part I [Automobile Liability Section]: (a) With respect to the owned automobile, (1) the named insured . . . (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured; . . ." "Use" is defined in said policy as including "maintenance, loading and unloading."

[2]The policy under Part I, DEFINITIONS, states that "automobile business" means to be engaged in selling, repairing, servicing, washing, delivering, testing, road testing, parking, or storing automobiles.

at the station, Lew started the engine of the vehicle, which lurched forward, striking Quinn, who was standing outside of the car. It was stipulated that at the time of the accident Lew was in the operator's seat of the vehicle.[3]

Quinn sued Lew and Parish (civ. action No. SWC 19282) for personal injury and property damage he sustained as a result of said accident While said lawsuit was pending, appellant filed the within action in declaratory relief to determine which of the two policies provided the primary coverage to Parish and Lew and which policy provided the excess coverage. Plaintiff in the declaratory relief action contended that Auto Club, the insurer of Quinn, provided the primary insurance and thus was required to defend Parish and Lew and pay any judgment within the limits of the policy. The court determined that the policy of insurance issued by appellant Truck Insurance to Parish afforded primary coverage for the loss and that the Auto Club policy provided excess coverage only; that Truck Insurance had the duty to defend and indemnify the named insured (Parish) and his employee (Lew) to its policy limits in the Quinn action (case No. SWC 19282); that respondent Auto Club had no duty to defend Lew and Parish and is only obligated to indemnify in said action after the limits of Truck Insurance's policy have been exhausted, not exceeding, however, the applicable limits of respondent's policy.

It is not contended that any of the findings of fact or conclusions of law made by the trial court are incorrect, conflicting or not supported by the evidence or not supportive of the judgment entered. We therefore address our remarks only to the two issues raised by appellant on appeal.

Appellant first contends that the exclusionary clause (Condition 6) of the respondent's insurance policy does not comply with Insurance Code section 11580.1, subdivision (f), which was in force at the time of the accident. Appellant argues that by not complying with the Insurance

---

[3]The complete facts detailing the accident are not part of the record on appeal. However, respondent in its brief quoted the following statement given respondent by Quinn:

". . . I was standing outside of the vehicle and to the left front of it. The gas station attendant had replaced a bolt in the oil pan, had added a quart of oil and then was going to start the engine to see if there was any more oil dripping. The attendant reached into the vehicle through the left front window and started the engine. As he brought his arm back out, his hand hit the gear shift and it went into drive and immediately lurched forward."

Appellant did not contest this statement in its reply brief.

Code said section is not effective, so as to make Auto Club's policy primary coverage rather than excess under the facts applicable to this case.

At the time, Insurance Code section 11580.1, subdivision (f), provided: "(f) Where two or more policies are applicable to the same loss and one of such policies affords coverage to a named insured engaged in selling, repairing, servicing, delivering, testing, road testing, parking, or storing automobiles, such policies *may* contain a provision that the *insurance coverage* applicable to such motor vehicles *afforded a person other than the named insured or his agent or employee shall not be applicable if there is any other valid and collectible insurance applicable to the same loss covering such person as a named insured* or as an agent or employee of a named insured under a policy with limits at least equal to the financial responsibility requirements specified in Section 16059 of the Vehicle Code; and in such event, the two or more policies shall not be construed as providing cumulative or concurrent coverage and only that policy which covers the liability of such person as a named insured, or as an agent or employee of a named insured, shall apply. In the event there is no such other valid and collectible insurance, the coverage afforded a person other than the named insured, his agent or employee, may be limited to the financial responsibility requirements specified in Section 16059 of the Vehicle Code." (Italics added.)

Truck Insurance contends erroneously that the exclusionary clause (Condition 6) in Auto Club's policy is "more restrictive" than that which is provided for in section 11580.1, subdivision (f), of the Insurance Code, and that consequently such clause "is not effective to exclude applicability of respondent's [Auto Club] policy to the accident."

The trial court correctly stated in its memorandum of decision: "The Insurance Code section, as it read during the period in question, permits the policies involved in such a situation as here to contain a provision that the coverage of one of them shall not be extended to a garageman, if such garageman is himself insured. . . . The question here must be whether the Auto Club employed such language as to indicate an intent to make itself excess over insurance of a garageman in such an accident as this. The answer is clearly yes. A construction of the exclusionary clause in the Auto Club policy would have to be severely strained to wring from it another meaning." It is clear that Condition 6 of respondent's policy conforms to Insurance Code section 11580.1, subdivision (f).

Truck Insurance's other issue raised on appeal is that Auto Club must provide primary coverage for the reason that Truck Insurance's policy

provides that its insurance will be excess over any other insurance. Auto Club's policy provides that it will prorate with any other valid and collectible insurance. ■ It is true that where two policies apply to the same loss, one on an excess basis and the other on a pro rata basis, effect is given to the excess provision, and the policy containing the pro rata provision is primary. (*Donahue Constr. Co.* v. *Transport Indem. Co.*, 7 Cal.App.3d 291, 301-303 [86 Cal.Rptr. 632].) ■ However, in this case, since Auto Club's policy validly excludes the applicability of Truck Insurance's policy, the pro rata provision is not applicable, and as set forth in section 11580.1, subdivision (f): ". . . and in such event, the two or more policies shall not be construed as providing cumulative or concurrent coverage and only that policy which covers the liability of such person as named insured, or as an agent or employee of a named insured, shall apply." Therefore, Truck Insurance's policy is primary.

There is further justifiable rationale for the trial court's holding. In *Travelers Ins. Co.* v. *Northwestern Mut. Ins. Co.*, 27 Cal.App.3d 959, the court at pages 965-966 [104 Cal.Rptr. 283] said: "Recent California decisions have empasized that in disputes, such as the instant one, between two insurance companies, the 'use' provision of an automobile indemnity policy should not be expanded to transfer liability from the insurer for the more culpable person or entity to the insurer for the innocent person or entity."

Briefly, the facts of the *Travelers* case involved an operator of a service station who was called to the home of a customer to change a tire. The operator of the service station commenced jacking the car up, and the customer noticed that the jack was resting at an unusual angle, and he called this to the operator's attention. The latter, nevertheless, continued jacking the car and it suddenly slipped off the jack, causing gasoline to pour from the car, which started a fire and caused extensive property damage. A dispute arose as to whose insurance carrier had the duty of primary coverage, and the court ruled that the insurance company for the service station had primary coverage, stating inter alia the reasoning above. See also *International Business Machines Corp.* v. *Truck Ins. Exch.*, 2 Cal.3d 1026 [89 Cal.Rptr. 615, 474 P.2d 431].

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.