[Civ. No. 33396.   Second Dist., Div. One.   May 28, 1969.]

FIREMAN'S FUND AMERICAN INSURANCE COMPANIES, Plaintiff and Respondent, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant.

446

Spray, Gould & Bowers and Daniel O. Howard for Defendant and Appellant.

Lawler, Felix & Hall, Thomas E. Workman, Jr., and John R. Neece for Plaintiff and Respondent.

THOMPSON, J.—Appellant, State Farm Mutual Automobile Insurance Company (State Farm), issued its policy insuring Lewis Miller and his 1956 Oldsmobile against liability for bodily injury to a single person to a limit of $50,000. Respondent, Fireman's Fund American Insurance Companies (Fireman's Fund) issued its policy insuring Standard Oil of California against liability for claims of bodily injury to a single person to a limit of $2,000,000. The State Farm policy is limited to liability arising out of use of an automobile while the Fireman's Fund policy covers liability in general including that arising from use of an automobile. On April 22, 1964, while both policies were in force, Miller left his Oldsmobile at a Standard Oil Service station for lubrication and gave permission to the employees of Standard Oil to operate his car for that purpose. After the service of the car was completed, a Standard Oil employee drove it to a portion of the station used for the parking of patron's automobiles. He parked it with the front wheels resting against a used tire casing to prevent its rolling forward. Sal L. Mitchell, whose business was the purchase and collection of used tire casings from Standard Oil, came to the station in the course of his business activity. He removed the tire casing from in front of the Oldsmobile which rolled forward pinning him against a wall. Mitchell filed suit for the resulting injury on May 20, 1964, naming Standard Oil and "Does" as the defendants. State Farm refused defense of the suit, and Fireman's Fund conducted the defense. Mitchell's suit was settled

after trial and pending appeal by the payment of $17,500. Reasonable costs of defense including attorneys' fees were incurred in the amout of approximately $5,000.

Fireman's Fund then filed the action which is now before us seeking a declaration that State Farm was primarily liable to indemnify Standard Oil against the claim of Mitchell and for recovery of the amount of the settlement and of the reasonable costs of defense. The case was submitted to the trial court upon an agreed statement of facts, copies of the respective policies issued by the two insurance companies, and a stipulation that the State Farm policy covered Standard Oil as an additional insured and that the costs of defense previously incurred were reasonable. Judgment was entered for Fireman's Fund and this appeal followed. The sole contention of State Farm on appeal is that the judgment of the trial court was erroneous by reason of the language of the "other insurance" clauses in the State Farm and Fireman's Fund policies.

The Fireman's Fund policy states: "If the Insured has other valid and collectible insurance against a liability insured by this policy, the insurance provided by this policy shall be excess insurance, but only to the extent of the difference in limits of liability between such other valid and collectible insurance and the limits of liability provided by this policy."

The relevant "other insurance" provision in the State Farm policy is: "If the insured has other insurance against liability or loss covered by this policy, the company . . . shall not be liable for a greater proportion of such liability. or loss than the applicable liability bears to the total applicable limit of liability of all collectible insurance against such liability or loss." The policy also contains an "excess insurance" clause as to nonowned automobiles, which is not applicable to this case.

State Farm argues that the pertinent portion in the Fireman's Fund policy must be disregarded because it is an illegal "escape clause," and, alternatively, that the policy language and equitable principles dictate that the loss be prorated between the two insurers on the basis of their respective policy limits (50,000/2,050,000 to State Farm and the remainder to Fireman's Fund). ■■■ We conclude, as did the trial court, that in view of the stipulation of the parties with respect to coverage by State Farm the Fireman's Fund policy

is "excess insurance" and consequently that State Farm is solely responsible for the loss.

The case before us is another in that rapidly growing number of litigated disputes among insurance companies involving the issue of liability for loss in instances of multiple insurance coverage.[1] This not necessarily beneficial frequency of litigation has undoubtedly been occasioned in part by California decisions on the subject. There is at least one decision (*Peerless Cas. Co.* v. *Continental Cas. Co.*, 144 Cal.App.2d 617 [301 P.2d 602]) which conceivably can be read as supporting appellant's contention that the pertinent "excess insurance" provision of the Fireman's Fund policy is unenforceable as an "escape clause" and several decisions which hold that where the one policy contains a proration clause (as does the State Farm policy) and another policy contains an "excess insurance" clause (as does the Fireman's Fund policy) the loss must be prorated to reconcile the language of the two policies. (*Colby* v. *Liberty Mut. Ins. Co.*, 220 Cal.App.2d 38 [33 Cal.Rptr. 538] Supreme Court denied hearing Nov. 6, 1963; *Apparel Mfrs. Supply Co.* v. *National Auto. & Cas. Ins. Co.*, 189 Cal.App.2d 443 [11 Cal.Rptr. 380]; *American Auto. Ins. Co.* v. *Seaboard Surety Co.*, 155 Cal.App.2d 192 [318 P.2d 84] Supreme Court denied hearing Jan. 6, 1958; *Truck Ins. Exchange* v. *Torres*, 193 Cal.App.2d 483 [14 Cal.Rptr. 408] Supreme Court denied hearing August 23, 1961; *Air Transport Mfg. Co., Ltd.* v. *Employers' Liab. Assur. Corp., Ltd.*, 91 Cal.App.2d 129 [204 P.2d 647] Supreme Court denied hearing June 2, 1949.)

There are other cases which hold to the contrary—that in the case of multiple insurance policies covering the same loss,

---

[1]There appears a real need for legislative study to develop a statutory method of allocation of loss among insurers who have covered the same liability. There is widespread public criticism of the cost of administration of automobile liability insurance and the consequent high cost of such insurance to the public. (See for example Hodosh, *Auto Compensation Plans and the Claims Man*, 1968 Ins. L. J. 816.) Litigation of the type involved here increases that cost perhaps unnecessarily. Mitchell, the injured party, received a settlement of $17,500. If we assume, not unreasonably, that his lawyer received a fee of 40 percent of the amount, $10,500 remained to indemnify Mitchell for his loss. Attorney's fees for defense of the personal injury action were in excess of $5,000. The case at bench involved a complicated trial and extensive briefs on appeal. It is difficult to conceive that total fees to counsel for the two insurance companies with respect to the declaratory relief action will be less than an additional $5,000. Thus, $17,000 has probably been expended in attorney's fees to achieve the payment of an indemnity of $10,500 to the injured party.

one of which contains a provision for proration in the event of other insurance and the other a clause that it shall be treated as "excess insurance" to any other policy, the policy with the proration clause is primary and must bear the loss to its policy limits. (*Pacific Employers Ins. Co.* v. *Maryland Cas. Co.*, 65 Cal.2d 318 [54 Cal.Rptr. 385, 419 P.2d 641]; *Continental Cas. Co.* v. *Zurich Ins. Co.*, 57 Cal.2d 27 [17 Cal.Rptr. 12, 366 P.2d 455]; *American Auto. Ins. Co.* v. *Republic Indem. Co.*, 52 Cal.2d 507 [341 P.2d 675]; *Universal Underwriters Ins. Co.* v. *Aetna Ins. Co.*, 249 Cal.App.2d 144 [57 Cal.Rptr. 240]; *Ohio Farmers Indem. Co.* v. *Interinsurance Exchange of Auto. Club of Southern Cal.*, 266 Cal.App.2d 772 [72 Cal.Rptr. 269]; *Wilshire Ins. Co.* v. *Transit Cas. Co.*, 248 Cal.App.2d 719 [56 Cal.Rptr. 861]; *Firemen's Ins. Co.* v. *Continental Cas. Co.*, 170 Cal.App.2d 698 [339 P.2d 602]; *Pleasant Valley etc. Assn.* v. *Cal-Farm Ins. Co.*, 142 Cal.App.2d 126 [298 P.2d 109].)

Not only are there two lines of decision each pointing to a result different from the other, but there also is a lack of discussion in the cases in each line purporting to distinguish them from cases in the other. Our analysis impels us to the conclusion that while individual cases in one line can sometimes be distinguished from individual cases in the other there are many situations where distinction is not possible. (For example compare *Pacific Employers Ins. Co.* v. *Maryland Cas. Co.*, 65 Cal.2d 318 [54 Cal.Rptr. 385, 419 P.2d 641] and *Wilshire Ins. Co.* v. *Transit Cas. Co.*, 248 Cal.App.2d 719 [56 Cal.Rptr. 861] with *Colby* v. *Liberty Mut. Ins. Co.*, 220 Cal. App.2d 38 [33 Cal.Rptr. 538] and *Air Transport Mfg. Co., Ltd.* v. *Employers Liab. Assur. Corp., Ltd.*, 91 Cal.App.2d 129 [204 P.2d 647].) We conclude from that analysis that an effort to draw subtle distinctions to force a reconciliation of the cases must so inevitably focus upon artificial differences as to be without basis in logic. State Farm contends that the cases adverse to the position which it here asserts are distinguishable from the case at bench in that those cases involved clauses of policies which limited coverage as "excess insurance" only in the case of nonowned automobiles. That contention is not supported by a reading of the decisions. The rationale of those cases is not dependent upon the condition precedent to the operation of the "excess" clause. Significantly, also, in the most recent decision of our Supreme Court holding against liability of an insurer whose policy carried an

"excess" clause and in favor of full liability against the insurer whose policy contained a proration clause, the operation of the "excess" clause was not restricted to nonowned vehicles. (*Pacific Employers Ins. Co. v. Maryland Cas. Co.*, 65 Cal.2d 318 [54 Cal.Rptr. 385, 419 P.2d 641].)

■ Being thus forced to choose between conflicting decisions, we select as binding those in which our Supreme Court has squarely ruled on the issue, and we accept the proposition enunciated by the court that: "It is the general rule that courts will give heed to the excess insurance provisions contained in policies, even in situations where to do so will be inconsistent with proration provisions in other policies." (*Pacific Employers Ins. Co. v. Maryland Cas. Co.*, 65 Cal.2d 318, 328 [54 Cal.Rptr. 385, 419 P.2d 641].) ■ We, therefore, give heed to the "excess insurance" provision in the Fireman's Fund policy although to do so will be inconsistent with the proration provision of the State Farm policy, and we conclude that only State Farm is liable for the loss here involved.

State Farm argues that the pertinent "excess insurance" provision in the Fireman's Fund policy is in reality a so-called "escape clause" of the type declared to be invalid in *Peerless Cas. Co. v. Continental Cas. Co.*, 144 Cal.App.2d 617 [301 P.2d 602], a decision which State Farm repeatedly states has "never been overruled." This argument of State Farm has the vice not untypical of the substitution of a label for reason. It ignores the facts. The key to the decision in *Peerless* is to be found in the factual dicussion by the court appearing on page 622 of the official reporter. The court there states, "Both in the Air Transport case and in our case there was no such excess. In the Air Transport case the coverage under both policies was the same; in our case the combined coverage of the other policies (Peerless and Lloyd's) is the same as that of Continental with respect to property damage . . . and exceeds that of Continental with respect to coverage to one person . . ." Thus in *Peerless* the carrier seeking to be relieved of liability by reason of an "excess insurance" provision in its policy was asserting the validity of its provision where the existence of other insurance in an amount equal to or in excess of its policy limits precluded liability under any conceivable circumstances. To the extent that *Peerless* retains vitality in the face of later decisions, we are of the opinion that it must be limited to that particular factual situation. In the case at bench the limits of the Fireman's Fund policy

were $1,950,000 greater than those of the State Farm policy. The potential of liability for "excess insurance" was thus a real one.

State Farm argues finally that equitable considerations dictate that the loss be borne by Fireman's Fund, the carrier of the person whose negligence caused the injury. That argument has been rejected in *Wilshire Ins. Co.* v. *Transit Cas. Co.*, 248 Cal.App.2d 719 [56 Cal.Rptr. 861] and *Ohio Farmers Indem. Co.* v. *Interinsurance Exchange of Auto. Club of Southern Cal.*, 266 Cal.App.2d 772 [72 Cal.Rptr. 269].) Those decisions require that we reject it here.

The judgment is affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.