[Civ. No. 33167. First Dist., Div. One. June 12, 1975.]

UNDERGROUND CONSTRUCTION COMPANY, INC., et al.,
Plaintiffs, Cross-defendants and Respondents, v.
PACIFIC INDEMNITY COMPANY et al.,
Defendants, Cross-complainants and Appellants;
UNITED PACIFIC INSURANCE COMPANY,
Cross-defendant and Respondent.

[redacted] 

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[black bars]

## COUNSEL

Bronson, Bronson & McKinnon and Paul H. Cyril for Defendants, Cross-complainants and Appellants.

Hauerken, St. Clair, Zappettini & Hines, Anthony Griffin and Cyril Viadro for Plaintiffs, Cross-defendants and Respondents.

No appearance for Cross-defendant and Respondent.

## OPINION

**MOLINARI, P. J.**—The question presented on this appeal is whether in a declaratory relief action the trial court properly determined that a policy of insurance issued by Pacific Indemnity Company (hereinafter "Pacific") provided for primary insurance coverage. We have concluded that this determination was correct and that the judgment must be affirmed.

The underlying factual situation presented in the instant case is as follows: on October 6, 1969, Milton Butler and Carl Swafford, employees of Underground Construction Co. (hereinafter "Underground"), were engaged in the placing of casings underneath a highway for the installation by Underground of water lines for a water company. On that day Elmer Smith, an employee of Howard Supply Company (hereinafter "Howard") drove a truck and trailer loaded with casings to the jobsite. The truck and trailer were owned by Howard and the casings had been ordered by Underground from Howard. In the process of unloading the casings from the trailer Swafford used a piece of equipment known as a "Hoptoe 300" which was owned by McAllister Leasing Company (hereinafter "McAllister") and which McAllister had leased to Underground. In the unloading process a casing fell on Smith who sustained fatal injuries. Smith's heirs filed a wrongful death action against Underground and Butler as defendants.

Underground was the insured under a liability policy issued by United Pacific Insurance Company (hereinafter "United") with applicable limits

[black bar]

of $100,000. Howard and McAllister were the named insureds under a policy issued by Pacific with applicable limits of $300,000. Underground and Butler filed the instant declaratory relief action naming Pacific and McAllister as defendants. The gist of the complaint is that Underground and Butler are additional insureds under the policy issued by Pacific to McAllister and Howard, that said insurance policy provides primary coverage to Underground and Butler for any liability incurred in the wrongful death action and that Pacific is obligated to defend Underground and Butler in said action.

Pacific and McAllister answered the complaint denying its allegations and cross-complained against Underground, Butler and United. McAllister's cross-complaint alleges that the policy issued by United, which affords liability coverage to Underground and Butler, provides coverage for all persons or business entities using vehicles owned and/or operated by Howard or McAllister, including the loading and unloading of such vehicles, and that McAllister is an additional insured under such policy; that such policy provides primary coverage; and that United is obligated under such policy to defend McAllister and to indemnify it against liability in the wrongful death action. Pacific, in its cross-complaint, incorporated McAllister's allegations and alleges further that its policy provides excess coverage under the coverage provided by United "or at least prorates with said policy."

The trial court determined that the policy issued by Pacific insures the liability of Underground and Butler in the wrongful death action; that said insurance is primary over the policy of United; that Pacific is obligated to defend Underground and Butler in the wrongful death action; and that Underground and Butler were entitled to recover the sum of $1,388.93 against Pacific for expenses incurred in the wrongful death action.

In the present case it is undisputed that Underground and Butler are additional insured's under Pacific's policy. The issue is as to the meaning and application of the "other insurance" clauses contained in the respective insurance policies issued by United and Pacific.

The "other insurance" clause in United's policy provides as follows: "If at the time of an occurrence any valid and collectible insurance is available to the insured (in this or any other carrier), except insurance purchased to apply in excess of the limit of liability of this policy, no insurance shall be afforded hereunder as respects such occurrence;

except, if the applicable limit of liability of this policy exceeds the applicable limit of liability of such other insurance, this policy shall afford excess insurance over such other insurance sufficient to afford the insured a combined limit of liability equal to the limit of liability of this policy. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance whatsoever."

Pacific's "other insurance" clause provides as follows:

"6. *Other Insurance:*

"(a) The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

"(b) When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

"(1) *Contribution by Equal Shares.* If all such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer had paid its limit in full or the full amount of the loss is paid.

"(2) *Contribution by Limits.* If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

"(c) When both this insurance and other insurance apply to the loss, whether on the same basis or otherwise, and all of the policy forms of such other insurance do not contain a 'Contribution by Equal Shares'

provision similar to paragraph (b)(1) above, this insurance shall be excess over any other valid and collectible insurance available to the insured."

Pacific contends that the "other insurance" clause in United's policy is an "escape" clause. Such a clause is one that provides for avoidance of liability when there is other valid insurance. (*Peerless Cas. Co.* v. *Continental Cas. Co.,* 144 Cal.App.2d 617, 621 [301 P.2d 602].) It is asserted by Pacific that since an "escape" clause denies coverage altogether it is therefore void as against public policy. Accordingly, Pacific argues that United's "other insurance" clause is nonexistent and the only coverage afforded Underground and Butler is the primary coverage for such insureds as is provided in United's policy. It is urged further by Pacific that its "other insurance" clause provides for excess coverage over and beyond the insurance afforded by United.[1] Alternately, Pacific argues that if United's policy is held to be permissible then both policies at issue contain excess clauses and that any loss, therefore, must be prorated on the same ratio that the applicable policy limit of each carrier bears to the total available coverage. As applied to the present case Pacific asserts that such proration must be effected as follows: The total coverage being $400,000 ($300,000 for Pacific and $100,000 for United), Pacific's limit of liability would be three-fourths of the loss and United's one-fourth of the loss.

The construction of the two policies is a question of law, no parol evidence having been offered or received in aid thereof. (*Union Oil Co.* v. *Chandler,* 4 Cal.App.3d 716, 724 [84 Cal.Rptr. 756]; see *Estate of Russell,* 69 Cal.2d 200, 213 [70 Cal.Rptr. 561, 444 P.2d 353]; *Parsons* v. *Bristol Development Co.,* 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839].) Under these circumstances we are not bound by the trial court's interpretation. In construing the pertinent provisions of the two policies we observe the principle that if possible a contract should be construed to be valid and enforceable rather than void as against public policy. (Civ. Code, §§ 1643, 3541; *Howard* v. *Adams,* 16 Cal.2d 253, 256 [105 P.2d 971, 130 A.L.R. 1003]; *Entremont* v. *Whitsell,* 13 Cal.2d 290, 297 [89 P.2d 392].)

We advert to Pacific's contention that "escape" clauses are void as against public policy. This contention is not meritorious. No case has

---

[1]"Excess clauses" provide for liability up to the limits of the policy covering excess loss only after the exhaustion of other valid insurance. (*Peerless Cas. Co.* v. *Continental Cas. Co., supra,* 144 Cal.App.2d 617, 621.)

come to our attention nor has any been cited to us which holds that "escape" clauses are void per se. ██ The applicable principle appears to be that "escape" clauses are not favored in the law and that, where they are in conflict with the "other insurance" clause in another policy covering the same risk with the result that if both clauses are given validity the insured is left unprotected, the "escape" clause will be disregarded and the "other insurance" clauses in both policies will be given effect on a basis of applicable proration. (See *Peerless Cas. Co.* v. *Continental Cas. Co., supra,* at pp. 621-623; *Fireman's Fund etc. Ins. Companies* v. *State Farm etc. Ins. Co.,* 273 Cal.App.2d 445, 450 [78 Cal.Rptr. 38]; *Oregon Auto. Ins. Co.* v. *United States Fidelity & Guar. Co.,* 195 F.2d 958, 959-960; see *"Other Insurance" Clauses Conflict,* 5 Stan. L.Rev. pp. 147-150.) As long as the insured is protected and financial responsibility is provided for the protection of the public an "escape" clause is not contrary to public policy or the law. (See *Continental Cas. Co.* v. *Weekes* (Fla.) 74 So.2d 367, 369.)

Pacific's reliance on *Peerless* and *Fireman's Fund* is misplaced. In *Peerless* there was a conflict between an "escape" clause and an "excess" clause which would have produced the inequitable result of leaving the insured unprotected. To obviate such a result the "escape" clause was disregarded and proportionate liability between the insurers was upheld. (144 Cal.App.2d at pp. 622-623.) In *Fireman's Fund,* although the court alluded to the "so-called 'escape clause' of the type declared to be invalid in *Peerless Cas. Co.* v. *Continental Cas. Co., . . .*" it did not hold that "escape" clauses are void as against public policy. To the contrary, the provision in the policy before it containing "escape" elements was held not to be an invalid "escape" clause. (273 Cal.App.2d at p. 450.)

██ Adverting to the subject clause in United's policy we observe that although it is formulated like an "escape" clause it is in reality a composite of an "escape" and an "excess" provision. It permits escape if the loss is less than any other insurance protection and provides excess insurance if and insofar as its coverage exceeds all other valid insurance combined. (See *Peerless Cas. Co.* v. *Continental Cas. Co., supra,* 144 Cal.App.2d 617, 620-623.) Our inquiry, therefore, is directed to the validity and effect of United's "other insurance" clause when it is considered in relation to Pacific's "other insurance" clause since both of the insurance policies involved in the present case cover the same risk.

We observe that Pacific's "other insurance" clause provides that the policy affords primary insurance "except when stated to apply in excess

. . . of other insurance." (Par. 6(a).) Under the provisions of paragraph 6(c), the insurance provided for in Pacific's policy is "excess over any other valid and collectible insurance available to the insured" when such insurance and the other insurances apply to the loss and the other insurance does not contain a "contribution by equal shares" provision similar to that provided in paragraph 6(b)(1) of Pacific's policy. United's policy does not contain such a "contribution by equal shares" provision. Where there is such "excess" insurance and the other insurance does not contain a "contribution by equal shares" provision paragraph 6(b)(2) comes into play. That paragraph provides that Pacific shall not be liable for a greater proportion of the loss than its applicable limit of liability under the policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

We are thus projected to the question whether United's insurance coverage constitutes "valid and collectible insurance available to the insured" named in or covered by Pacific's policy. The "other insurance" provision of United's policy expressly provides that if there is any valid and collectible insurance available to its insured no insurance is afforded the insured except that if the applicable limit of United's policy exceeds the liability of the other valid insurance then United's policy affords excess insurance over such other insurance sufficient to afford the insured a combined limit of liability equal to the limit of liability in United's policy. With these expressed limitations on its liability United's policy does not constitute other "valid and collectible insurance available to the insured" within the meaning of Pacific's policy. As already observed the applicable limit of Pacific's policy (i.e., $300,000) exceeds the applicable limit of United's policy (i.e., $100,000). Accordingly, the "escape" element of the composite "escape and excess" clause becomes effective.

Pacific's insurance coverage, on the other hand, is "valid and collectible" insurance available to United's insured within the meaning of United's "other insurance" clause. Pacific's "other insurance" clause provides that *"The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or* contingent upon the absence of *other insurance."* (Par. 6(a); italics added.) Accordingly, the insurance afforded by Pacific to Underground and Butler, as additional insureds, is primary insurance because its "excess" clause does not become operative. Since United's policy does not provide other "valid and collectible insurance available to the insured" within the meaning of Pacific's policy, there is no other insurance over which Pacific's insurance is

"excess" as stated in paragraph 6(c). The insurance afforded by Pacific is therefore primary insurance as provided in paragraph 6(a) of its policy and Pacific is liable to the extent of its policy limits.

The interpretation made by us finds support in other jurisdictions. (See *Continental Cas. Co.* v. *Weekes, supra,* 74 So.2d 367, 368-369; *McFarland* v. *Chicago Exp., Inc.,* 200 F.2d 5, 6; *Penn* v. *National Union Indemnity Co.,* 68 F.2d 567, 568.) The rationale of these cases is that the determining factor is the construction of the language employed by the respective insurers.

*Peerless* is distinguishable. In that case one policy (Continental) contained a provision similar to that contained in United's policy. The policy of the other insurance company (Peerless) provided that " 'If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limits of liability stated in the declaration bear to the total applicable limit of liability of all valid and collectible insurance against such loss; . . .' " (144 Cal.App.2d at p. 620.) The respective insurance clauses were held to be mutually repugnant because each became operative when there was other "valid and collectible insurance available to the insured" and, if given effect, neither policy would be liable, thus "leaving the insured unprotected." (At p. 623.) Accordingly, the reviewing court, upon the application of the principle that where there is a conflict between an "escape" clause and a "pro rata" clause the law favors the "pro rata" clause, disregarded the "escape" clause and held that the loss should be prorated among the insurers. (At p. 623.) The same result was reached in *Oregon Auto Ins. Co.* where the conflict was between an "escape" clause and an "excess" clause. (195 F.2d 958, 959-960.)

The thrust of *Peerless* is that the respective other insurance clauses were in conflict and that if both were given effect neither would apply and the insured would be left unprotected. In the instant case the respective clauses are not in conflict. The giving of effect to United's "escape" clause does not leave its insured, Underground and Butler, unprotected. There can be no question that United's policy would have covered these insureds had it not been for the insurance provided by Pacific and it may not be contended that Pacific's coverage is insufficient to protect Underground and Butler. We apprehend that Underground and Butler got that for which they contracted. United's composite "escape and excess" clause is not camouflaged nor does it fail to give

clear warning to the insured as was the case in *Peerless.* (144 Cal.App.2d at p. 623.) More significantly, the crucial language in Pacific's policy which states that its insurance is primary except when it is stated to apply in excess of other insurance is absent in *Peerless.*

Adverting to *Fireman's Fund,* we observe that one policy (Fireman's Fund) contained "another insurance" clause similar to that issued by United in the present case and that of the other insurer (State Farm) contained the following provision: " 'If the insured has other insurance against liability or loss covered by this policy, the company . . . shall not be liable for a greater proportion of such liability or loss than the applicable liability bears to the total applicable limit of liability of all collectible insurance against such liability or loss.' " (273 Cal.App.2d at p. 447.) (We note that this provision is substantially similar to the prorate provision in paragraph 6(b)(2) of Pacific's policy in the present case.) The limit of liability in the Fireman's Fund policy was $2,050,000 and that of State Farm was $50,000. In holding that State Farm was solely responsible for the loss because Fireman's Fund's insured was an additional insured under State Farm's policy and Fireman's Fund provided only excess insurance, the reviewing court held inasmuch as Fireman's Fund's liability limits were greater than those of State Farm it could not be said that Fireman's Fund's excess provision amounted to an invalid escape clause. (273 Cal.App.2d at pp. 448-449.)

The situation in *Fireman's Fund* is the reverse of that applicable here. The composite "escape and excess" clause in Fireman's Fund's policy had limits higher than those of State Farm which had the pro rata clause. Accordingly, Fireman's Fund's excess clause became operative over and above the limits of State Farm's policy. The reviewing court in *Fireman's Fund* expressed misgivings that *Peerless* "retains vitality in the face of later decisions." (273 Cal.App.2d at p. 450.) In any event, it is clear that *Fireman's Fund* does not deem "escape" clauses to be per se invalid and that it recognizes that the primary insurance afforded by an insurer is not affected by the "escape" clause in the policy of another insurer so long as the primary insurance affords protection to the insured.

In sum, we conclude that in view of the language employed by the respective insurers in their policies and the fact that the insured are fully protected there is no consideration of public policy involved. The instant litigation is nothing more than a contest between two insurance companies. The trial court was, therefore, correct in adjudging and declaring that Pacific's insurance policy insures the liability, if any, of

Underground and Butler in the action brought by Smith's heirs for wrongful death and that Pacific is obligated to defend and indemnify Underground and Butler in said action. The declaration in the judgment below that Pacific's insurance is primary is also correct. We need not discuss whether the language in the judgment that Pacific's "insurance is primary over the policy of cross-defendant United Pacific Insurance Company" is a determination that United's coverage is also applicable on an "excess" basis since United has not appealed from that part of the judgment. In its brief respondent concedes that this portion of the judgment is "beyond its reach."

The judgment is affirmed.

Elkington, J., and Lazarus, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.