[No. B063151. Second Dist., Div. Four. Apr. 11, 1994.]

CSE INSURANCE GROUP et al., Plaintiffs and Appellants, v. NORTHBROOK PROPERTY AND CASUALTY COMPANY, Defendant and Respondent.

1840

Counsel

Ramsey, Prestholt & Holmberg and Devera L. Petak for Plaintiffs and Appellants.

Clausen & Campbell, Lavick & Clause and Marie Derriel Clause for Defendant and Respondent.

Opinion

**KLEIN (Brett), J.**[*]—Plaintiffs CSE Insurance Group and CSE Safeguard Insurance Company appeal from a judgment of dismissal entered after a demurrer was sustained, without leave to amend, to their complaint for declaratory relief against respondent Northbrook Property and Casualty Company. There are no other parties.

The question presented is whether a liability insurer, despite a policy provision that the coverage provided is excess over all other available insurance, must nonetheless contribute pro rata to the coverage afforded by a second liability insurer whose policy explicitly states it will contribute pro rata with other insurance.

In this instance, both policies were umbrella policies, affording coverage only after exhaustion of underlying insurance.

No issue is presented regarding duty to defend.

As this is a demurrer case, all facts are taken solely from the complaint. George J. Stadtler III, driving an automobile in Covina, was in a collision with a motorcycle. The motorcyclist's passenger was severely injured. She sued Stadtler and his employer, Spintex.

Stadtler had an automobile liability policy with a $100,000 limit. Stadtler also had an umbrella policy with a $1 million limit. Both these policies were written by appellants CSE.

Spintex had an umbrella policy, written by respondent Northbrook, with a $5 million limit.

CSE demanded that Northbrook acknowledge both umbrella policies afforded coverage for the accident. Northbrook refused. CSE then filed this

---

[*]Judge of the Municipal Court for the Los Angeles Judicial District, sitting under assignment by the Chairperson of the Judicial Council.

action, seeking a judgment declaring that both umbrella policies afforded coverage, with each carrier's participation to be prorated in proportion to the respective policy limits. Since the Northbrook policy had a limit five times that of the CSE policy, CSE contended Northbrook must contribute five-sixths of any amount by which Stadtler's liability should ultimately exceed the $100,000 limit of his underlying automobile policy.

Northbrook's demurrer was based on the "other-insurance" provisions in the two umbrella policies. The CSE policy read:

"The insurance provided by this policy is excess over any other collectible insurance available to you and applicable to any part of the ultimate net loss.

"This insurance will contribute to the ultimate net loss covered by this policy with other insurance providing only coverage in excess of underlying insurance. In such case, we will pay the proportion that your personal liability limit of insurance bears to the total limits provided by both this policy and the other excess policy."

The Northbrook policy read: "The insurance afforded under this policy shall apply as excess insurance, not contributory, to other collectible insurance (other than insurance applying as excess to the Company's limit of liability hereunder) available to the insured and covering loss against which insurance is afforded hereunder."

In its demurrer Northbrook contended that because its policy specified it was excess over other insurance and not contributory with it, it need not participate in proration.

The trial court sustained the demurrer without leave to amend. This appeal followed.

The reconciliation of competing and often irreconcilable "other-insurance" clauses has been a recurring task of the appellate courts. (See cases catalogued in *Donahue Constr. Co. v. Transport Indem. Co.* (1970) 7 Cal.App.3d 291, 302-303 [86 Cal.Rptr. 632]; Annot. (1982) 12 A.L.R.4th 993; Annot. (1961) 76 A.L.R.2d 502.)

When two "excess-only" other-insurance clauses collide, the courts will force both carriers to prorate, in derogation of the policy language. (*Argonaut Ins. Co. v. Transport Indem. Co.* (1972) 6 Cal.3d 496, 507 [99 Cal.Rptr. 617, 492 P.2d 673]; *Olympic Ins. Co. v. Employers Surplus Lines Ins. Co.* (1981) 126 Cal.App.3d 593, 599 [178 Cal.Rptr. 908].) This rule is

based, in large measure, on the fact that if both other-insurance clauses were given effect according to their terms, the insured would have no coverage.

"Excess-only" provisions have often collided with "proration" provisions, with results that cannot be harmonized.[1] (E.g., *Pacific Employers Ins. Co.* v. *Maryland Casualty Co.* (1966) 65 Cal.2d 318, 328-329 [54 Cal.Rptr. 385, 419 P.2d 641], disapproved on another point in *Herzog* v. *National American Ins. Co.* (1970) 2 Cal.3d 192 [84 Cal.Rptr. 705, 465 P.2d 841] [two policies provided for proration and a third said it was excess only; held, the two policies prorate, and the third is excess only]; *Hartford Accident & Indemnity Co.* v. *Sequoia Ins. Co.* (1989) 211 Cal.App.3d 1285, 1302 [260 Cal.Rptr. 190] [one umbrella policy said it was excess only but would prorate, second umbrella policy said it was excess only; held, the two policies must prorate]; *Employers Reinsurance Corp.* v. *Phoenix Ins. Co.* (1986) 186 Cal.App.3d 545, 556-559 [230 Cal.Rptr. 792] [one policy said excess only, two other policies said excess only but will prorate; held, all three must prorate]; *Employers Reinsurance Corp.* v. *Mission Equities Corp.* (1977) 74 Cal.App.3d 826 [141 Cal.Rptr. 727] [one policy said excess only, second policy said "escape" (no coverage if other insurance exists); held, second policy must be exhausted before resort to the first, adding, in dictum (at p. 831), that a proration policy must be exhausted before resort to an excess policy]; *Hartford Accident & Indem. Co.* v. *Civil Service Employees Ins. Co.* (1973) 33 Cal.App.3d 26, 34 [108 Cal.Rptr. 737] [one policy said prorate, second policy implied it was excess; held, first policy must be exhausted before resort to the second]; *Truck Ins. Exchange* v. *Interinsurance Exchange* (1973) 33 Cal.App.3d 984, 988-989 [109 Cal.Rptr. 458] [in dictum, a prorated policy must be exhausted before resort to an excess policy]; *Owens Pacific Marine, Inc.* v. *Insurance Co. of North America* (1970) 12 Cal.App.3d 661, 668-669 [90 Cal.Rptr. 826] [one policy said prorate, second policy said excess; held, the policies do not prorate, and the first policy must be exhausted before resort to the second]; *Donahue Constr. Co.* v. *Transport Indem. Co.*, *supra*, 7 Cal.App.3d 291, 301-303 [same]; *Firemen's Fund etc. Ins. Companies* v. *State Farm etc. Ins. Co.* (1969) 273 Cal.App.2d 445 [78 Cal.Rptr. 38] [one policy said prorate, second policy said excess, adding an escape provision of no practical applicability in the particular case; held, the policies do not prorate, and the first policy must be exhausted before resort to the second]; *Peerless Cas. Co.* v. *Continental Cas. Co.* (1956) 144 Cal.App.2d 617, 619-623 [301 P.2d 602] [one policy said prorate, second policy said excess, adding a "more or less camouflaged" escape provision of

---

[1] All umbrella policies are excess policies in the sense they afford coverage that is excess over underlying insurance. In this opinion the term "excess" refers only to the other-insurance issue, not to the existence of underlying insurance.

full applicability in the particular case; held, the policies must prorate]; *Air etc. Co.* v. *Employers' Liab. etc. Corp.* (1949) 91 Cal.App.2d 129 [204 P.2d 647], disapproved on another point in *Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 429 [296 P.2d 801, 57 A.L.R.2d 914] [one policy said prorate, second policy clearly said escape to an extent fully applicable in the particular case; held, the policies must prorate].)

The cited opinions discuss precedent, not rationale. Two cases contain extended discussions of the precedents. (*Donahue Constr. Co.* v. *Transport Indem. Co., supra*, 7 Cal.App.3d 291; *Firemen's Fund etc. Ins. Companies* v. *State Farm etc. Ins. Co., supra*, 273 Cal.App.2d 445.) The lineage of the cases favoring the excess-only clause over the proration clause can be traced, through *Pacific Employers Ins. Co.* v. *Maryland Casualty Co., supra*, 65 Cal.2d 318, 328-329, to *American Automobile Ins. Co.* v. *Republic Indemnity Co.* (1959) 52 Cal.2d 507 [341 P.2d 675]. *American*, however, simply gave effect to customary policy provisions that a driver's policy is excess over an owner's policy. (Accord, *Continental Cas. Co.* v. *Zurich Ins. Co.* (1961) 57 Cal.2d 27, 34-35 [17 Cal.Rptr. 12, 366 P.2d 455].) Because *American* addressed only the owner versus driver problem, it should not be read as holding generally that excess-only clauses are favored over proration clauses. (See *Truck Ins. Exchange* v. *Torres* (1961) 193 Cal.App.2d 483, 491-492 [14 Cal.Rptr. 408].)

In 1970 the rule of *American* was codified. (Ins. Code, § 11580.9, subd. (d).) Section 11580.9 has been described as solving the confusion over how to reconcile competing other-insurance clauses. (6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1134, p. 554.) As the present case illustrates, the statutory solution is not complete.

In this field, the law's goal should be certainty. The expense of litigation between insurers adds nothing to benefits paid the injured, protection afforded the insured, or either carrier's reserves. (See *Firemen's Fund etc. Ins. Companies* v. *State Farm etc. Ins. Co., supra*, 273 Cal.App.2d at p. 448, fn. 1; Ins. Code, § 11580.8.)

██ In effect, each insurer here asks us to implement the language in its policy and ignore the language in the other policy. This we cannot do, for the two provisions are mutually repugnant. ██ It must be remembered that "[t]he reciprocal rights and duties of several insurers who have covered the same event do not arise out of contract, for their agreements are not with each other. . . . Their respective obligations flow from equitable principles designed to accomplish ultimate justice in the bearing of a specific

burden." (*American Automobile Ins. Co.* v. *Seaboard Surety Co.* (1957) 155 Cal.App.2d 192, 195-196 [318 P.2d 84].) ■■ Guided by statute, precedent, and public policy, we conclude the two policies must contribute pro rata, for several reasons.

First, the issuer of a policy containing an excess-only clause can have no expectation the courts of California will honor that clause in a case such as this, for when other available coverage contains a similar clause, the carrier will be forced into proration. Indeed, in this sense CSE's other-insurance provision accurately informs its insureds of how the law may deal with the presence of other insurance, whereas Northbrook's clause misinforms.

Second, the cases forcing proration on excess-only policies seem to manifest a court-made public policy that proration is a favored method of apportioning a loss among those who have contracted to insure against it.

■ Third, public policy disfavors "escape" clauses, whereby coverage purports to evaporate in the presence of other insurance. (E.g., *Argonaut Ins. Co.* v. *Transport Indem. Co.*, *supra*, 6 Cal.3d at p. 508; *Employers Reinsurance Corp.* v. *Mission Equities Corp.*, *supra*, 74 Cal.App.3d 826, 831; but see Ins. Code, § 11580.9, subd. (e).) ■■ This disfavor should also apply, to a lesser extent, to excess-only clauses, by which carriers seek exculpation whenever the loss falls within another carrier's policy limit.

Fourth, considerable logic and fairness underlie the so-called Oregon rule, under which mutually repugnant other-insurance clauses are reconciled by proration. (*Lamb-Weston, Inc.* v. *Oregon Automobile Ins. Co.* (1959) 219 Ore. 110 [341 P.2d 110, 76 A.L.R.2d 485], opn. mod. on den. rehg. 219 Ore. 129 [346 P.2d 643, 76 A.L.R.2d 498]; *Liberty Mutual Ins. Co.* v. *Truck Ins. Exchange* (1966) 245 Ore. 30 [420 P.2d 66].)

Fifth, in a technical way, proration can be reconciled with the wording of the excess-only clause. The Northbrook policy purports to be excess over "other collectible insurance available to the insured and covering loss." The CSE policy purports to cover only part of the loss, proportionate to the two respective policy limits. Let us assume Stadtler's liability to the motorcycle passenger exceeded the underlying primary coverage by a margin of $900,000. Giving effect to CSE's proration clause, CSE professes to cover only one-sixth of this liability, or $150,000. Giving effect to Northbrook's excess clause, $150,000 is the "other collectible insurance available to the insured" from CSE. Hence the Northbrook policy, on its own terms, is excess over that $150,000 and bears the balance of the liability, or $750,000. (See *Truck Ins. Exchange* v. *Torres*, *supra*, 193 Cal.App.2d 483, 490, and cases cited therein.)

Sixth and lastly, to impose the entire liability on the issuer of the prorated policy would annul the proration clause. It would, in the process, also create an anomaly. If the CSE other-insurance clause were identical to the Northbrook clause, under settled law the two policies would prorate. To rule in Northbrook's favor, we would have to embrace the proposition that an insurance policy will prorate if and only if it states that it will not prorate. CSE's use of proration language in its policy should not have the effect of destroying proration.

The judgment of dismissal is reversed. Costs to appellants.

Epstein, Acting P. J., and Vogel (C. S.), J., concurred.

A petition for a rehearing was denied April 29, 1994, and respondent's petition for review by the Supreme Court was denied June 30, 1994.