[L.A. No. 30132. In Bank. Oct. 19, 1973.]

EMANUEL GYLER et al., Plaintiffs and Appellants, v.
MISSION INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Emanuel Gyler and Arthur J. Gottlieb, in pro. per., Gyler & Gottlieb and Adrienne Stein for Plaintiffs and Appellants.

Groff, Dunne, Shallcross & Kane, Dunne, Shallcross & Kane and Russell E. Shallcross for Defendant and Respondent.

Jones & Wilson, Robert L. Wilson, James T. Hudson and Robert E. Jones as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**CLARK, J.**—Plaintiffs appeal from judgment of dismissal in an action for declaratory relief against a malpractice insurance carrier after a demurrer was sustained without leave to amend their third amended complaint.

The allegations of the third amended complaint include:

On 2 February 1965, Mrs. Hale suffered personal injuries and in March employed plaintiff attorneys to represent her. On 24 September 1969, she filed a complaint for malpractice against plaintiffs, alleging they allowed the statute of limitations to run against her claim by failing to file a workmen's compensation application prior to 2 February 1966.[1]

Having acquired a malpractice insurance policy from defendant insurer for the period 19 August 1964 to 19 August 1967, plaintiffs requested defendant to undertake defense of the Hale action and to pay any resulting judgment. Defendant refused, and plaintiffs seek damages and a declaration determining the policy of insurance to be applicable to the Hale action.

Two paragraphs of the policy are here in question: "This insurance is to indemnify . . . against any *claim or claims* for breach of professional duty as Lawyers *which may be made against them* during the period set forth in the Certificate by reason of any negligent act, error or omission, whenever or wherever the same was or may have been committed . . ."[2]

"If during the subsistence hereof the Firm shall become aware of any occurrence *which may subsequently give rise to a claim against them* for breach of professional duty as Lawyers by reason of any negligent act, error or omission and shall during the subsistence hereof give written notice to the Underwriters of such occurrence, then any such claim which may subsequently be made against the Firm arising out of that negligent act, error or omission shall for the purposes of this Insurance be deemed to have been made during the subsistence hereof." (Italics added.)

The crucial phrase in the first paragraph, "claim or claims . . . which may be made" during the policy period, is ambiguous with respect to

---

[1]According to plaintiffs' brief, they filed an action in the superior court on behalf of Mrs. Hale, but that court determined on 5 September 1967 the exclusive remedy was before the Workmen's Compensation Appeals Board. The board, on 1 November 1968, determined the claim was barred by the statute of limitations.

[2]In the policy, eight paragraphs intervene between the two quoted here.

whether coverage is limited to claims asserted during the policy period or extends to claims maturing during the policy period but not asserted until later.

Use of the word "may" creates an uncertainty when contrasted with other phrases which might have been used, such as "claims which are made" or "claims made." The word "may" is defined: "have permission to . . . have liberty to . . . be in some degree likely to . . . used in auxiliary function expressing purpose or expectation . . . contingency . . . or concession . . . ." (Webster's Third New Internat. Dict. (1961) p. 1396.) ▮ "May" is not usually construed as creating a requirement (*In re Williamson* (1954) 43 Cal.2d 651, 655-656 [276 P.2d 593]) but is used to signify the ability to choose or the power to act (*So. Cal. Jockey Club* v. *Cal. etc. Racing Bd.* (1950) 36 Cal.2d 167, 173 [223 P.2d 1]; *National Automobile etc. Co.* v. *Garrison* (1946) 76 Cal.App.2d 415, 417 [173 P.2d 67]).

The use of "may" in the policy renders it reasonably subject to two constructions. First, the phrase might limit coverage to a claim asserted within the policy period and exclude claims asserted afterward, making the words "which may be" superfluous. Secondly, the phrase might be construed as extending coverage to any claim which arose and *could* have been asserted during the policy period, including claims not actually asserted until after the policy's expiration.

▮ The meaning of an insurance policy is determined by the insured's reasonable expectation of coverage, and all doubts are resolved against the insurer. (*Century Bank* v. *St. Paul Fire & Marine Ins. Co.* (1971) 4 Cal.3d 319, 321 [93 Cal.Rptr. 569, 482 P.2d 193].) Any uncertainty or ambiguity in the peril insured against will be resolved in favor of imposing liability. (*Continental Cas. Co.* v. *Zurich Ins. Co.* (1961) 57 Cal.2d 27, 32 [17 Cal.Rptr. 12, 366 P.2d 455].)

· Thus the first quoted paragraph must be construed to provide malpractice coverage for claims maturing during the policy period whether or not the claim is actually asserted during that period.

As so construed, the first paragraph is not in conflict with the second, but is supplemented by it. A lawyer's malpractice usually damages intangible property interests, and the occurrence dates of the negligence, the injury, and the discovery may vary. (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 182 et seq. [98 Cal.Rptr. 837, 491 P.2d 421]; *Budd* v. *Nixen* (1971) 6 Cal.3d 195, 200 et seq. [98 Cal.Rptr. 849,

491 P.2d 433].) The first quoted paragraph provides coverage when the date of injury is within the policy period whenever asserted; the second paragraph provides additional coverage when both the negligent act has occurred and the attorney has given the insurer notice thereof but injury occurs after expiration of the policy period.

This interpretation is strongly supported by the language of the second paragraph, "occurrence which may subsequently *give rise* to a claim." (Italics added.) In this construction, an insured attorney would ordinarily, if not invariably, understand "claim" to mean "cause of action" or "right," not "assertion of a right, and coverage provided by the paragraph would extend to liability for negligent acts occurring during the policy period but with injury not materializing until later.

Moreover, even if we assume there was an implication in the second paragraph restricting coverage of the first, that implication must be rejected. The express provisions of the insurance contract must be considered in light of the insured's normal expectations of the extent of the coverage of the policy, and notice of noncoverage in a situation where coverage may be reasonably expected must be conspicuous, plain, and clear. (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 271 [54 Cal.Rptr. 104, 419 P.2d 168]; *Atlantic Nat. Ins. Co.* v. *Armstrong* (1966) 65 Cal.2d 100, 112 [52 Cal.Rptr. 569, 416 P.2d 801]; *Steven* v. *Fidelity & Casualty Co.* (1962) 58 Cal.2d 862, 869, 878 [27 Cal.Rptr. 172, 377 P.2d 284].) An attorney ordinarily buys malpractice insurance only during the time he is in practice. But because his liability for malpractice may continue long after the negligent act and injury (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra,* 6 Cal.3d 176, 192-193), he would seek and, in the absence of clear language to the contrary, would reasonably expect coverage against liability for negligent acts occurring during the policy period so as to be protected against claims asserted during retirement.

The second quoted paragraph is found as part of condition 7 of the policy, far below the basic insuring clause, and is not set off in bold type. In form, the paragraph purports to extend coverage, not to limit it. In the circumstances, we are satisfied any attempt to limit coverage on the basis of the second paragraph is incorrect.

*San Pedro Properties, Inc.* v. *Sayre & Toso, Inc.* (1962) 203 Cal.App.2d 750 [21 Cal.Rptr. 844], involving language identical to the first quoted paragraph, is disapproved insofar as it is contrary to the views expressed

herein. In that case the court did not discuss the use of "may" in the insuring clause.

The judgment is reversed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.