Opinion
 

 FEINBERG, Acting P. J.
 

 We are asked in this appeal to decide which of two insurance companies must bear a loss occasioned by a claim of negligence on the part of an attorney.
 

 There is no dispute as to the relevant facts. Mission Equities Corporation (hereinafter Mission) issued its malpractice policy to a firm of attorneys (hereinafter Attorneys) effective January 1, 1968 to January 1, 1969. Employers Reinsurance Corporation (hereinafter Employers) issued its policy to the Attorneys effective January 2, 1969, through January 2, 1970. On February 22, 1971, at which time the Employers’ insurance policy was in effect through renewal, a malpractice action was filed against the Attorneys. The action alleged that the Attorneys filed an action on August 6, 1963, and that as a result of Attorneys’ failure to prosecute the action in a timely fashion, the case was dismissed on September 20, 1968, pursuant to Code of Civil Procedure section 583. Employers defended the action and settled the case for $13,000. Mission was given notice of the suit by a letter from Attorneys but did not participate in the defense. On May 29, 1974, Employers filed suit against Mission, requesting a declaration that Mission afforded primaiy coverage for the alleged negligence and that Mission shall pay Employers $13,000 plus interest, attorney’s fees and for costs of the suit. Both Employers and Mission filed motions for summary judgment. Employers’ motion was granted on the issue of liability. A subsequent trial on the issue of damages resulted in a judgment against Mission in the amount of $15,580.17 plus costs. Mission appeals from that judgment.
 

 
 *829
 

 Did Mission’s policy cover the malpractice action where the cause of action for malpractice arose during the life of the policy but the action was not begun until after the policy had expired?
 

 The operative clause of the Mission policy at issue here has been interpreted in two previous California cases. The clause reads as follows: “This insurance is to indemnify . . . against any claim or claims for breach of professional duty as Lawyers
 
 which may be made against them
 
 during the period set forth in the Certificate by reason of any negligent act, error or omission . . . .” (Italics added.) In
 
 Gyler
 
 v.
 
 Mission Ins. Co.
 
 (1973) 10 Cal.3d 216, 219 [110 Cal.Rptr. 139, 514 P.2d 1219], the court considered identical language-and held that the term “which may be made against them” should be construed to require indemnity “for claims maturing during the policy period whether or not the claim is actually asserted during that period.” The court reached this result by first finding that the term “may” created an ambiguity. It then enunciated the rules that “[t]he meaning of an insurance policy is determined by the insured’s reasonable expectation of coverage” and that “[a]ny uncertainty or ambiguity in the peril insured against will be resolved in favor of imposing liability.”
 
 {Id.
 
 at p. 219.) (Parenthetically, we note that
 
 Gyler,
 
 too, involved a policy of legal malpractice insurance issued by the same company that is appellant herein.)
 

 Appellant argues that the holding of
 
 Gyler
 
 is inapposite here because
 
 Gyler
 
 should apply only to disputes between an insurance company and the insured because the purpose of the holding was to protect the reasonable expectation of the insured. This same contention, however, was argued by this same appellant and decided adversely to appellant by Division Two of this court in
 
 Chamberlin
 
 v.
 
 Smith
 
 (1977) 72 Cal.App.3d 835 [140 Cal.Rptr. 493]. We agree with the decision in
 
 Chamberlin.
 

 Who must provide primary coverage for the claim here?
 

 Both appellant’s and respondent’s policies have provisions concerning the effect of other insurance upon its coverage. The Mission policy provides: “There shall be no liability hereunder in respect of any claim for which the Firm are entitled to any indemnity under any other insurance.” Employers’ policy provides: “If, but for the insurance afforded by this policy, the assured would have other insurance against a loss otherwise covered hereby, the insurance afforded by this policy shall be excess over such other insurance.”
 

 
 *830
 
 The question arises how to reconcile Mission’s escape clause with Employers’ excess clause, which, on their faces, seem irreconcilable. The particular fact situation of a pure excess clause conflicting with a pure escape clause does not appear to have been addressed hitherto. This case does not involve a conflict between a composite excess-escape clause and a pro rata clause
 
 (Peerless Cas. Co.
 
 v.
 
 Continental Cas. Co.
 
 (1956) 144 Cal.App.2d 617 [301 P.2d 602]), or an escape clause specifically authorized by statute
 
 (Argonaut Ins. Co.
 
 v.
 
 Transport Indem. Co.
 
 (1972) 6 Cal.3d 496 [99 Cal.Rptr. 617, 492 P.2d 673]), or a composite escape and excess clause reconcilable with a pure excess clause
 
 (Underground Constr. Co.
 
 v.
 
 Pacific Indemnity Co.
 
 (1975) 49 Cal.App.3d 62 [122 Cal.Rptr. 330]), or a conflict between an escape clause and a clause excepting certain acts, errors or omissions from coverage
 
 (Chamberlin
 
 v.
 
 Smith, supra,
 
 72 Cal.App.3d 835.) In addition to the absence of direct authority on the question whether an excess clause should be given preference over an escape clause, there exists no clear trend from other jurisdictions as to a resolution of this question.
 
 [1]
 

 Absent direct authority from California cases and a clear trend from other jurisdictions, we must rest our decision here on analogy to related
 
 *831
 
 cases and considerations of policy. Both of these considerations dictate that the excess clause be given preference over the escape clause.
 
 [2]
 
 California decisions demonstrate a preference for excess clauses. (3) Where one policy contains a pro rata clause and the other contains an excess clause, for example, the excess clause will be given effect and the carrier with the pro rata clause will become the primary insurer. (See
 
 Firemen’s Fund etc. Ins. Companies
 
 v.
 
 State Farm etc. Ins. Co.
 
 (1969) 273 Cal.App.2d 445 [78 Cal.Rptr. 38], followed in
 
 Donahue Constr. Co.
 
 v.
 
 Transport Indem. Co.
 
 (1970) 7 Cal.App.3d 291, 301-303 [86 Cal.Rptr. 632], and
 
 Owens Pacific Marine, Inc.
 
 v.
 
 Insurance Co. of North America
 
 (1970) 12 Cal.App.3d 661, 668-669 [90 Cal.Rptr. 826].) This is true even where it is clear that there will be no excess and the excess clause therefore operates much like an escape clause.
 
 (Owens Pacific Marine, Inc.
 
 v.
 
 Insurance Co. of North America, supra,
 
 at pp. 668-669.) Consistency in the judicial interpretation of “other insurance” clause thus demands that the excess clause be preferred over the escape clause.
 

 More importantly, it is well established that an escape clause is less favored under the law than a pro rata or excess clause.
 
 (Argonaut Ins. Co.
 
 v.
 
 Transport Indem. Co., supra,
 
 6 Cal.3d at p. 508;
 
 Underground Constr. Co.
 
 v.
 
 Pacific Indemnity Co., supra,
 
 49 Cal.App.3d at p. 68;
 
 Peerless Cas. Co.
 
 v.
 
 Continental Cas. Co., supra,
 
 144 Cal.App.2d at p. 623.) The trial court, thus, correctly concluded that Mission’s escape provision was disfavored because of its potential for leaving the insured without coverage..
 

 The final argument on behalf of Mission is that the court here should follow the “Oregon rule,” disregarding both of these irreconcilable provisions and mandating proration. This rule, however, is the minority rule and has not been adopted in California. (See
 
 Peerless Cas. Co.
 
 v.
 
 Continental Cas. Co., supra,
 
 at p. 623; Note,
 
 Conflicts Between “Other
 
 
 *832
 

 Insurance” Clauses in Automobile Liability Insurance Policies
 
 (1969) 20 Hastings L.J. 1292, 1305-1306.)
 

 Attorney’s Fees
 

 In its reply brief, appellant, for the first time, raised the contention that the costs of Employers’ defense of the malpractice claim were improperly adjudged against appellant because the Mission policy is only an indemnity policy which does not provide that Mission is obligated to defend claims made against the insured. Appellant’s contention is without merit. Not only does the policy explicitly state in condition one that “the Underwriters will . . . pay costs and expenses incurred in the defense of any claim,” but also statutory rules of interpretation of indemnity agreements provide for the costs of defenses, including attorney’s fees unless a contrary intention appears. (See
 
 Gribaldo, Jacobs, Jones & Associates
 
 v.
 
 Agrippina Versicherunges A.G.
 
 (1970) 3 Cal.3d 434, 447 [91 Cal.Rptr. 6, 476 P.2d 406];
 
 Buchalter
 
 v.
 
 Levin
 
 (1967) 252 Cal.App.2d 367, 371-372 [60 Cal.Rptr. 369].)
 

 The judgment is affirmed.
 

 Devine, J.,* and Bray, J.,* concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied January 5, 1978. Mosk, J., Clark, J., and Richardson, J., were of the opinion that the petition should be granted.
 

 [1]
 

 Most courts have given effect to the “excess” provision and imposed full liability for the loss upon the other policy involved despite the “escape” (no liability) provision contained therein.
 
 {Employers’ Liability Assurance Corp.
 
 v.
 
 Fireman’s Fund Ins. Group
 
 (D.C.Cir. 1958) 262 F.2d 239 [104 App.D.C. 350];
 
 Zurich General Accident & Liability Ins. Co.
 
 v.
 
 Clamor
 
 (7th Cir. 1941) 124 F.2d 717;
 
 Michigan Alkali Co.
 
 v.
 
 Bankers Indemnity Ins. Co.
 
 (2d Cir. 1939) 103 F.2d 345;
 
 Bituminous Casualty Corp.
 
 v.
 
 Andersen
 
 (1969) 184 Neb. 670 [17] N.W.2d 175];
 
 Federal Ins. Co.
 
 v.
 
 Prestemon
 
 (1967) 278 Minn. 218 [153 N.W.2d 429];
 
 Hardware Dealers Mutual Fire Ins. Co.
 
 v.
 
 Farmers Ins. Exchange
 
 (Tex.Civ.App. 1969), 437 S.W.2d 390;
 
 New Amsterdam Casualty Co.
 
 v.
 
 Certain Underwriters at Lloyds
 
 (1966) 34 I11.2d 424 [216 N.E.2d 665]. A number of courts, however, have given effect to the “escape” clause and imposed full liability for the loss upon the other policy involved despite the excess provision contained therein. (See
 
 American Automobile Ins. Co.
 
 v.
 
 Penn Mutual Indemnity Co.
 
 (3d Cir. 1947) 161 F.2d 62;
 
 Indiana Lumbermens Mutual Ins. Co.
 
 v.
 
 Mitchell
 
 (7th Cir. 1969) 409 F.2d 392;
 
 Faltersack
 
 v.
 
 Vanden Boogaard
 
 (1968) 39 Wis.2d 64 [158 N.W.2d 322];
 
 Government Employees Ins. Co.
 
 v.
 
 Globe Indemnity Co.
 
 (Ky. 1967) 415 S.W.2d 581;
 
 Continental Cas. Co.
 
 v.
 
 Weekes
 
 (Fla. 1954) 74 So.2d 367;
 
 Allstate Ins. Co.
 
 v.
 
 Shelby Mutual Ins. Co.
 
 (1967) 269 N.C. 341 [152 S.E.2d 436].) Other courts have refused to recognize either “other insurance” clause and have prorated the loss between the insurance companies. This position is known as the “Oregon rule” because the leading case espousing proration is
 
 Oregon A uto Insurance Co.
 
 v.
 
 United States Fidelity & Guar. Co.
 
 (9th Cir. 1952) 195 F.2d 958. (See
 
 State Farm Mut. Auto Ins. Co.
 
 v.
 
 United States Fidelity & Guar. Co.
 
 (4th Cir. 1974) 490 F.2d 407;
 
 Gilkey
 
 v.
 
 Andrew Weir Ins. Co.
 
 (9th Cir. 1961) 291 F.2d 132;
 
 United States Fidelity & Guar. Co.
 
 v.
 
 Liberty Mut. Ins. Co.
 
 (M.D.Pa. 1971) 327 F.Supp. 462;
 
 Union Ins. Co.
 
 v.
 
 Iowa Hardware Mut. Ins. Co.
 
 (Iowa 1970) 175 N.W.2d 413;
 
 State Farm Mut. Auto Ins. Co.
 
 v.
 
 Travelers Ins. Co.
 
 (La.App. 1966) 184 So.2d 750;
 
 United Services Auto. Assn.
 
 v.
 
 Hartford Accident
 
 &
 
 Indem. Co.
 
 (1967) 220 Tenn. 120 [414 S.W.2d 836].)
 

 [2]
 

 We disagree with the convoluted logic used in
 
 New Amsterdam Cas. Co.
 
 v.
 
 Certain Underwriters
 
 (1966) 34 I11.2d 424 [216 N.E.2d 665], There the court faced a similar conflict over primary coverage between an excess clause and an escape clause. One reason why the Illinois Supreme Court followed the majority rule of favoring the excess clause was that the defendant insurer only avoided liability if there was “other valid and collectible insurance” and because the plaintiff insurer’s policy was not “other” but rather “excess” coverage, the defendant could not “escape” and was fully liable. (At p. 668.) This reasoning is easily reversed. The Illinois Supreme Court could have equally argued that plaintiff insurer was liable only for an amount above any “other valid and collectible insurance” and because defendant insurer’s policy was not “other valid and collectible insurance” due to its escape provision, there was no other insurance to which plaintiff’s policy was excess, making plaintiff fully liable. The circiilar nature of the reasoning seems apparent.