[Civ. No. 42227. First Dist., Div. Two. May 10, 1979.]

VTN CONSOLIDATED, INC., Plaintiff and Appellant, v.
NORTHBROOK INSURANCE COMPANY, INC.,
Defendant and Respondent.

## COUNSEL

Goth, Dennis & Aaron and James M. Dennis for Plaintiff and Appellant.

Kroll, Edelman, Elser & Wilson, Wilson, Elser, Edelman & Dicker, Donald R. Wild and David Barry for Defendant and Respondent.

## OPINION

**KANE, Acting P. J.**—Plaintiff, VTN Consolidated, Inc. (hereafter appellant or VTN) appeals from the trial court's judgment dismissing this declaratory relief action after the demurrer of defendant Northbrook Insurance Company, Inc. (hereafter respondent or Northbrook) was sustained with leave to amend, which VTN declined to do (Code Civ. Proc., § 581, subd. 3).

The allegations of the complaint which must be considered true for the purposes of demurrer (*Grant* v. *Adams* (1977) 69 Cal.App.3d 127 [137 Cal.Rptr. 834]) reveal the following factual background. On or about July 13, 1973, Northbrook issued VTN, an architecture and engineering firm, a professional liability insurance policy (policy No. 63-100-406) covering the period from July 13, 1973, to July 13, 1974. The policy explicitly provided that claims thereunder must be made during the policy period. Between July 13, 1973, and July 13, 1974, VTN performed professional services under a contract for New Environment Research Co., Inc., a corporation (hereafter NER). On September 27, 1974, two months after the expiration date of the policy, NER filed a cross-complaint for damages against VTN in the Santa Clara Superior Court. The cross-complaint alleged, among other things, that VTN had negligently performed its engineering duties under the contract with NER. VTN demanded that Northbrook appear and defend its interests in the NER action and assume responsibility for VTN's liability, pursuant to the terms of the policy. Upon Northbrook's rejection of this demand, VTN commenced the instant action.

VTN advances two basic arguments on appeal. First, it is contended that the insurance policy at issue is a hybrid type, a mixture of the so-called "claims made" and "occurrence" policies, and therefore inherently ambiguous. Second, it is maintained that the sustaining of the demurrer and the dismissal of the action were erroneous for the additional reason that the complaint stated a cause of action for declaratory relief. In an action for declaratory relief, explains appellant, the complaint is sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract (Code Civ. Proc., § 1060). Where, as here, these requirements are met, continues appellant, the court must declare the rights of the parties whether or not the facts alleged establish that the plaintiff is entitled to a favorable declaration (*City of Tiburon* v. *Northwestern Pac. R.R. Co.* (1970) 4 Cal.App.3d 160, 170 [84 Cal.Rptr. 469]).

Turning to appellant's first contention, we initially note that the two most common types of insurance policies offered for professional malpractice are the so-called "claims made" (or "discovery") policy and the "occurrence" policy. A "claims made" policy is one whereunder the carrier agrees to assume liability for any errors, including those made prior to the inception of the policy as long as a claim is made during the policy period. On the other hand, an "occurrence" policy provides coverage for any acts or omissions that arise during the policy period even though the claim is made after the policy has expired (*Chamberlin* v. *Smith* (1977) 72 Cal.App.3d 835, 845, fn 5 [140 Cal.Rptr. 493]).

When viewed in light of the foregoing definition, the instant policy no doubt belongs in the first of the two categories and constitutes a "claims made" policy. This characteristic of the policy is accentuated by the language of the instrument itself, which sets out in the clearest possible terms that *the insurer assumes liability for the negligent acts and omissions* committed by the insured either prior to the inception date of the policy or during the policy period *only if the claims are made against the insured during the policy period.*[1]

---

[1]The pertinent part of the policy reads as follows: "*The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages by reason of liability arising out of any negligent act, error or omission committed or alleged to have been committed by the Insured,* but solely while in the performance of professional services of the type shown in the Declarations, PROVIDED ALWAYS THAT *such negligent act, error or omission*:

"a) *Was committed or alleged to have been committed during the policy period and claim is first made against the Insured during the policy period.*

"b) *Was committed or alleged to have been committed prior to the inception date of the policy, and claim is first made against the Insured during the policy period . . .*" (italics added).

It is, of course, well-established that an insurer has a right to limit the policy coverage in plain and understandable language, and is at liberty to limit the character and extent of the risk it undertakes to assume (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 431-432 [296 P.2d 801, 57 A.L.R.2d 914]; *Kincer* v. *Reserve Ins. Co.* (1970) 11 Cal.App.3d 714, 718 [90 Cal.Rptr. 94]). It is likewise axiomatic that an insurance policy is but a contract; that like all other contracts it, too, must be construed from the language used and that where, as here, its terms are plain and unambiguious, the courts have a duty to enforce the contract as agreed upon by the parties (*State Farm Mut. Auto Ins. Co.* v. *Herron* (1977) 71 Cal.App.3d 673, 677 [139 Cal.Rptr. 575]; *Farmers Ins. Exch.* v. *Harmon* (1974) 42 Cal.App.3d 805, 809 [117 Cal.Rptr. 117]).

In the case at bench, the insurance policy evinces the mutual understanding and agreement of the parties that the risk taken by respondent was limited to those instances in which the claim for appellant's negligent acts or omissions was presented during the policy period. Since the policy terms are plain and unambiguous, and since it appears on the face of the complaint that the claim against appellant was not presented during the policy period, the allegation that the policy in dispute provided coverage for the alleged wrongful conduct of appellant is legally untenable and subject to demurrer.

■ Appellant's insistence that the retroactive exclusion clause[2] created an ambiguity in the policy as to whether a "claims made" or "occurrence" policy was intended by the parties, must fail for a number of considerations.

One, the question of ambiguity must be determined in the circumstances of the concrete case, not *in abstracto*. When so considered , the most that can be said is that the exclusion clause has created an ambiguity merely with respect to coverage for negligent acts or omissions which occurred *prior* to the effective date of the policy. It is conceded, however, that in the instant case the wrongful conduct for which coverage is claimed was committed *during* the policy period.

Two, the exclusion clause does no more than limit the insurer's risk to negligent acts and omissions which occurred during the policy period. At

---

[2]The retroactive exclusion clause sets out that "IT IS UNDERSTOOD AND AGREED THAT COVERAGE IS NOT AFFORDED HEREUNDER IN RESPECT OF ANY CLAIM MADE AGAINST THE NAMED INSURED BY REASON OF ANY LIABILITY ARISING OUT OF ANY NEGLIGENT ACT, ERROR OR OMISSION IN RENDERING OR FAILING TO RENDER PROFESSIONAL SERVICES OF THE TYPE DESCRIBED IN THE DECLARATION COMMITTED PRIOR TO July 13, 1973 (inception date)."

the same time, the clause is entirely silent as to the issue here raised, i.e., the mandatory date of the presentation of claim.

Three (and even more to the point), under well established rules the provisions of an insurance contract must be read together, not in isolation. When so read, it becomes obvious that the specific provisions of the coverage section which set a definite date for the presentation of the claim take precedence and prevail over the terms of the exclusion clause which fails to provide any guidance with respect to that crucial issue.

We observe in passing that appellant's reliance on *Gyler* v. *Mission Ins. Co.* (1973) 10 Cal.3d 216 [110 Cal.Rptr. 139, 514 P.2d 1219], is unavailing. *Gyler* stands for the proposition that when the insurance policy is uncertain or ambiguous, its meaning must be determined by taking into account the reasonable expectation of the insured. However, where, as in the instant case, the policy is clear and unambiguous, the only thing the party may reasonably expect is that the insurance contract will be observed and carried out according to its mutually agreed-upon terms.[3]

■ Appellant's second major contention that the dismissal of the action by the trial court was procedurally incorrect, is well taken. As has been underscored in several cases, where, as here, an actual controversy exists between the parties, the proper disposition of the declaratory relief action is a declaration in the judgment that the plaintiff is not entitled to relief, rather than the dismissal of the action (*Essick* v. *City of Los Angeles* (1950) 34 Cal.2d 614, 624 [213 P.2d 492]; *Sullivan* v. *San Francisco Art Assn.* (1950) 101 Cal.App.2d 449, 455 [225 P.2d 993]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 730, pp. 2350-2351). While the dismissal of the action was concededly erroneous in this case, it is clear that the reversal of the judgment would serve no useful purpose and would simply constitute an idle act. Therefore, instead of reversing the court's ruling, we follow existing precedent (*Berkeley* v. *Alameda County Bd. of Supervisors* (1974) 40 Cal.App.3d 961 [115 Cal.Rptr. 540]; *Haley* v. *L. A. County Flood Control Dist.* (1959) 172 Cal.App.2d 285 [342 P.2d 476]) and modify the judgment of dismissal so as to declare that plaintiff is entitled to no relief under the allegations of its complaint.

[3]VTN's assertion that the hybrid policy is ambiguous because coverage would not exist where the act of negligence might occur on the 359th day of the policy period and the claimant over whom the insured has no control would not make his claim within one day, is emotionally appealing. However, the plain, cold legal fact of the matter is that the terms of the contract are clear and unambiguous. And, as a practical matter, an insured under a "claims made" policy can protect against the contingency suggested by VTN in its hypothetical example by arranging to continue its coverage beyond the policy expiration date.

The judgment is modified to provide as follows: Defendant Northbrook Insurance Company, Inc. is not required to defend or indemnify plaintiff VTN Consolidated, Inc. under policy No. 63-100-406 with respect to that certain cross-complaint filed by New Environment Research Co., Inc. on or about September 27, 1974, in the Santa Clara Superior Court.

As so modified, the judgment is affirmed. Each party to bear its own costs on appeal.

Rouse, J., and Miller, J., concurred.